## Case No. 17,216.

### WASHBURN v. WESTERN INS. CO.

[9 Ins. Law J. 424.] [1]

Circuit Court, S. D. Ohio.　Oct. Term, 1879.

FIRE INSURANCE—CONSTRUCTION OF POLICY—EX-
PLOSION OF FLOUR DUST.

1. The policy insured the building and machinery of a flouring mill in Minnesota, which was destroyed through the force of an explosion in connection with fire. It was alleged by the defendant that the explosion resulted from flour dust fired by a spark or flame from a lamp, and that the fire was caused by the explosion, while the plaintiff insisted that a fire preceded and caused the explosion. The policy contained the following condition: "The company shall not be liable for fire caused by invasion, insurrection, riot, civil commotion, or military or usurped power; nor for loss by lightning unless fire ensue, and then for loss by fire only; nor for loss by fire or otherwise resulting from the explosion of steam boilers, or gunpowder or other explosive substances; nor for loss of any kind consequent upon the fall of a building herein insured, or containing property covered (except the same be a result of fire); and all insurance under this policy on it or its contents shall, in such cases, immediately cease and determine." *Held*, that if the explosion was caused by a fire, although the explosion contributed in a large degree to the destruction, fire was the proximate cause and the policy was liable, but if the explosion resulted from a spark or lamp and caused the destruction in whole or in part, and the fire resulted from the explosion, the policy was exempt.

2. Any specially inflammable or hazardous condition due to the presence of flour dust must be presumed to be known to the insurers if an accident of the business.

[Action at law upon a policy of fire insurance.]

Abstract of charge to jury by SWING, District Judge:

This condition by the terms of the policy is a part and parcel of the policy, and the policy is a general one of indemnity against loss by fire; but the condition excepts loss which may result from lightning unless fire ensue, or loss by fire which originated from explosion of steam boilers, or from the explosion of gunpowder, or from the explosion of any other explosive substance. So that loss by fire created and brought into existence from any other cause whatever, no matter what, is expressly provided for by the terms of this policy. That is, so far as the question of fire is concerned. But there is another exception in this policy in connection with it, and that is that the policy shall not extend to any loss to the party which may result, not from fire, but which may result in other ways from either of these,—a loss which is caused by lightning, from the explosion of steam boilers, from the explosion of gunpowder, or from the explosion of other substances. The insurance company had a right to make these exceptions as a part of its contract, and they are not repugnant to the general purpose and object of the contract; so that in this case this condition must be regarded as a part and parcel of this contract as much as though it were on the face of the contract.

I don't think it necessary, gentlemen of the jury, in this case to go into any extended discussion of the relation of cause and effect, or of the philosophical division or subdivision of causes and the relations to each other and of their ultimate relation to the effect produced. Such a scientific and philosophical disquisition would result in no valuable purpose in enabling you to discharge your duty in this particular case. Interesting as they are to scientists, and valuable as they are, and necessarily so in many cases, this is not a case or a time to indulge in anything of that character, even if we had the disposition or ability to do so. But from the cases reported in 7 Wall. [74 U. S.] 44 [Insurance Co. v. Tweed]; 11 Pet. [36 U. S.] 213 [Waters v. Merchants Louisville Ins. Co.]; 94 U. S. 469 [Milwaukee & St. P. Ry. Co. v. Kellogg]; 95 U. S. 117 [Insurance Co. v. Boon],—one proposition of the law of force and the philosophy of force, and the philosophy of cause and effect is clearly and conclusively established, and that is this: that the proximate cause—the cause to which the result must be attributed—is not necessarily at all times the cause nearest the result which has been accomplished, but that it may be the originating cause; in other words, it may be a cause which has set other causes in motion, which, by their unsevered and continued action with each other, has produced the effect. In this case, if there was a fire, and it produced an explosion, and that explosion contributed in a very large degree to the destruction of the property insured, the fire nevertheless would be the proximate cause, and would be the agent to which the result must be attributed,—the cause which produced the effect. On the other hand, if the destruction of this property was produced by the explosion of any combustible or explosive substance; if that was the cause which threw it down, and if the fire resulted from that which caused its ultimate destruction, or the destruction of any part of it, and that explosion was occasioned by a spark or by a flame from a candle or lamp,—then the explosion would be the proximate cause which produced the result, and the plaintiff in this case would not be entitled to recover at the hands of the defendant. So that the whole question for you to determine under the instructions which I have given you is one purely of fact,—whether there was in this mill a fire, and from the result of that fire an explosion ensued by which this property was destroyed. The defendant, by its contract, agreed to indemnify the plaintiff against damage or loss from fire to the building and machinery of a flour mill, and the policy directly designates such property as specially hazardous. Whatever was, therefore, necessarily connected with the building and machinery and their uses in the manufacture of flour, or necessarily growing out of and resulting from such use, by which the property would be rendered more liable to fire than ordinary property, must be held to have been in the contemplation of the defendant at the time of the issuing of the policy, and it must be held to have contracted in direct reference thereto. Therefore, if in the

[1] [Reprinted by permission.]

case of a building and machinery used in the manufacture of flour, the building would become filled with flour dust, which by its character would be highly inflammable, and if, under such circumstances, a fire broke out in the mill, and by its rapid progress and heat brought the dust and the air in such a condition and in such relations to each other as to make them explosive, and they were by such fire exploded, the loss would be a loss by fire within the terms and meaning of this policy, and the defendant would be liable for it. As a matter of course, the plaintiff must satisfy you by a preponderance of evidence that there was a loss by fire, applying it to the particulars in the case. The plaintiff must satisfy you by the preponderance of the evidence that a fire existed in the mill, and it is for you to determine from all the facts and circumstances of the case where the preponderance of the evidence lies. If, taking all the facts and circumstances in the case together, the preponderance of the evidence satisfies you that such a fire did exist, and that it produced the explosion, then the defendant is responsible to the plaintiff under the rules which I have given you. As to the extent of the responsibility, if there was a total loss of the property,—that is, a total loss of the building and a total loss of the machinery, —as a matter of course the defendant would be liable to the full amount of the policy of insurance, with interest from sixty days from the date at which the proofs of loss were furnished.

Verdict for plaintiff.